IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


DOROTA R. ZUKOWSKA,

        Plaintiff,

   v.

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY; and FEDERAL
BUEARU OF INVESTIGATION,

        Defendants.

No. 3:17-cv-00354-AC

OPINION & ORDER

Dorota R. Zukowska
15342 NW Decatur Way
Portland OR 97229

    Pro Se Plaintiff

Billy J. Williams
United States Attorney
Susanne Luse
Assistant United States Attorney
District of Oregon
1000 SW Third Avenue, Suite 600
Portland OR 97204

    Attorneys for Defendants

1- OPINION & ORDER

HERNÁNDEZ, District Judge:

Pro Se Plaintiff Dorota R. Zukowska brings this civil rights action against Defendants United States Department of Homeland Security and Federal Bureau of Investigation alleging violations of the First, Fourth, Fifth, Sixth, and Fourteenth Amendments of the United States Constitution. Plaintiff moves for an injunction requiring Defendants to remove alleged surveillance from her residence, vehicle and other personal property. Pl. Mot. Perm. Rest. Order ("Pl. Mot.") 1, ECF 65. Because Plaintiff fails to show a likelihood of success on the merits of her claims, the Court denies Plaintiff's motion for a preliminary injunction.[1]

## BACKGROUND

Plaintiff arrived in the United States from Poland in 1985. Second Am. Compl. ("SAC") 4:109. Plaintiff sought political asylum in 1987 and became a U.S. Citizen in 1996. SAC 4:109–110. Plaintiff currently resides with her daughters in Portland, Oregon. SAC 5:119–120.

Plaintiff's problems began when she visited Poland in 2015. SAC 6:141. There, she began experiencing harassment, which continued upon her return to the United States. SAC 6:141–42. Plaintiff alleges that, among other things, her house was broken into during her absence, documents have been stolen or misplaced, her internet and telephone have been tampered with, there have been delays at store registers, her mail has been interfered with, and she has been prevented from obtaining legal representation. SAC 6:141–46, 9:260–61. Relevant to this motion, Plaintiff alleges that Defendants intercepted her personal conversations and internet activity without a warrant, in part to "support faulty claims that Plaintiff is a terrorist supporter." SAC 7:177–78, 187, 192. She also alleges that Defendants have placed surveillance

---

[1] Plaintiff has titled her motion "Motion for Court Order for the Permanent Restraining Order." ECF 65. However, because it is early in the litigation and the Court has yet to address the merits of Plaintiff's claims, the Court construes Plaintiff's motion as a motion for a preliminary injunction. *See Amoco Prod. Co. v. Vill. of Gambell, AK*, 480 U.S. 531, 546 n.12 (1987) ("The standard for a preliminary injunction is essentially the same as for a permanent injunction with the exception that the plaintiff must show a likelihood of success on the merits rather than actual success.").

2- OPINION & ORDER

both inside and outside of her home and car without a warrant. SAC 8:206. She alleges that these things have occurred on a daily basis for the last three years. SAC 6:146–47.

Plaintiff alleges that these actions constitute violations of her constitutional rights. SAC 3–4. By breaking into her home, stealing documents, installing surveillance, damaging her property, and interfering with her telephone and internet, Defendants have allegedly violated Plaintiff's Fourth and Fifth Amendment Rights. Defendants allegedly violated Plaintiff's Sixth Amendment right to counsel by preventing her from obtaining an attorney. Defendants also allegedly discriminated against Plaintiff based on her age, gender, minority status, and marital status in violation of the Fourteenth Amendment's Equal Protection Clause and violated her First Amendment Freedom of Speech.

As a result of this harassment, Plaintiff contends that she has suffered financial hardship, emotional distress, and emotional and physical abuse. SAC 14–16. She also contends that she has been unable to visit family members. *Id.* She seeks injunctive relief, reimbursement for damages to her home, and contracts with the Governments of the United States and Poland for the recommendation and sale of her books and art in order to recover additional damages. SAC 17.

## STANDARDS

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008). The plaintiff "must establish that irreparable harm is *likely,* not just possible[.]" *Alliance For The Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). The court may apply a sliding scale test, under which "the

elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Id.* Thus, a party seeking an injunction may show greater irreparable harm as the probability of success on the merits decreases. *Id.* (noting also that the relevant test in the Ninth Circuit is described as the "serious questions" test where the likelihood of success is such that "serious questions going to the merits were raised and the balance of hardships tips sharply in plaintiff's favor") (internal quotation marks and brackets omitted).

The party requesting a preliminary injunction must carry its burden of persuasion by a "'clear showing'" of the four required elements set forth above. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam); *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (a "'preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion'") (quoting *Mazurek*, 520 U.S. at 972).

## DISCUSSION

Plaintiff moves for a permanent restraining order requiring Defendants to remove the surveillance from her residence, vehicle, and property. Pl. Mot. 1. Plaintiff contends that the alleged harassment—including the alleged unlawful surveillance—occurs on a daily basis and has been reported to the relevant city and state officials and private entities. *Id.* In support of her motion, Plaintiff provides detailed factual allegations that allegedly constitute violations of her Fourth Amendment right to be free from unreasonable searches and seizures. *Id.* at 2–6. Defendants respond in opposition to Plaintiff's motion arguing that Plaintiff has not shown sufficient likelihood of success on the merits. Def. Resp., ECF 72. The Court agrees.

The allegations against Defendants in Plaintiff's complaint are murky and difficult to follow. Though Plaintiff contends that Defendants are actively violating her constitutional rights, it is unclear how the Defendants—both agencies of the federal government—are involved in the alleged surveillance and other acts of "harassment." The factual allegations in the Second Amended Complaint are often aimed at the actions of either state and local officials or private businesses and individuals. For example, the bulk of her Fourth and Fifth Amendment allegations focus on incidents at clothing and grocery retailers and actions by Bank of America, Comcast, Sprint, Nationstar, Discover, and the Oregon Department of Revenue. SAC 8–13. To the extent Plaintiff does allege that Defendants are responsible for the alleged surveillance, such allegations are conclusory. Plaintiff has alleged no facts and provided no evidence to support her suspicions that the root of her recent troubling experiences is these agencies of the U.S. Government. Accordingly, Plaintiff has failed to show that she will likely be successful on the merits of her claims against Defendants, and the Court declines to order the requested injunctive relief. *Winter*, 555 U.S. at 20 (plaintiff seeking preliminary injunction must demonstrate that he is likely to succeed on the merits); *see also Mazurek*, 520 U.S. at 972 (preliminary injunction is "an extraordinary and drastic remedy").

///
///
///
///
///
///
///

## CONCLUSION

The Court DENIES Plaintiff's Motion for Order for Permanent Restraining Order [65].

IT IS SO ORDERED.

Dated this \_\_\_16\_\_\_ day of \_\_\_Sept\_\_\_, 2018.

*Marco Hernández*
MARCO A. HERNÁNDEZ
United States District Judge